BROWN (Gerald), P. J.
The Workmen’s Compensation Appeals Board filed an order March 9, 1967, in its Santa Ana office, denying.George Cavanaugh’s petition for-eommu *178 tation. Proof of service complied with the board’s Rules of Practice and Procedure, section 10520, title 8, California Administrative Code,[1] with the following notation on the order: ‘1 Served By Mail On Persons Shown On The Official Address Record 3-9-67 O. S. Burton /s/ O.S. Burton”.
Petitioner received the order in Santa Ana, but he does not, or cannot tell us when. Respondents, apart from the board, received the order in Santa Ana on March 10, 1967. The referee’s opinion on the Petition for Reconsideration found the order was served on the parties on March 9, 1967.
Under Labor Code, section 5903, a party may petition for reconsideration within 20 days after service of a final order. Petitioner filed his petition for reconsideration on April 6, 1967. The board determined he. filed it too late. The board is correct if Labor Code, section 5903’s 20 days are measured from March 9,1967.
Petitioner relies upon Taylor v. Industrial Acc. Com., 216 Cal.App.2d 466 [30 Cal.Rptr. 877], in which the court held a notice for reconsideration timely, although filed more than 20 days after the board made the final order. The court reasoned absent a showing of service of the order, it “cannot presume” (p. 472) service. The case is inapposite. Here, the proof of service is a showing of service on March 9. 1967.
Code of Civil Procedure, section 1013a, provides methods by which proof of service may be made. These methods are not exclusive. Section 1013a does not forbid the method adopted by the board in section 10520, title 8, California Administrative Code.
Cavanaugh’s petition for reconsideration was not timely filed.
The order of the board is affirmed.
Coughlin, J., and Whelan, J., concurred.
On November 6, 1967, the judgment was modified to read as printed above.

 Section 10520: "Proof of service by the Appeals Board may be made by endorsement on the document served, setting forth the fact of service on the persons listed on the official address record on the date of service. The endorsement shall state whether such service was made personally or by mail, the date of service and the signature of the person making the service. ’ ’